IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DARTANUM DEMETRIUS IVEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-055 |
| | ) | (Formerly CR 109-104) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_ _ _ _ _ _

| | | |
|---|---|---|
| DARTANUM DEMETRIUS IVEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-075 |
| | ) | (Formerly CR 109-104) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at FCI Butner Medium I in Butner, North Carolina, has filed

with this Court two motions under 28 U.S.C. § 2255, Ivey v. United States, CV 116-055,

doc. no. 1 (May 3, 2016) ("CV 116-055) and Ivey v. United States, CV 116-075, doc. no. 1

(June 6, 2016) ("CV 116-075").  The first motion brings a claim under Johnson v. United

States, 135 S. Ct. 2551 (2015), arguing that Johnson applies to 18 U.S.C. § 924(c)'s residual

clause setting forth the definition of a crime of violence.  According to petitioner, his offense

of robbery no longer qualifies as a crime of violence because it only falls under this now

invalidated residual clause.  CV 116-055, doc. no. 1, p. 4.  In his second § 2255 motion,

Petitioner brings the same claim and a claim that the indictment did not charge him properly for brandishing a firearm under 18 U.S.C. § 924(c)(1)(A). CV 116-075, doc. no. 1, p. 20.

Because Petitioner currently has a § 2255 motion pending, it appears that his second motion, CV 116-075, was opened in error and should be construed as a motion to amend in his first civil case, CV 116-055. See United States v. Terrell, 141 F. App'x 849, 852 (11th Cir. 2005). Accordingly, the Court **DIRECTS** the Clerk to docket the second § 2255 motion as a motion to amend in CV 116-075 and in his corresponding criminal case. Construing the § 2255 motion in CV 116-075 as a motion to amend, Petitioner's Johnson claim is timely while his claim as to the defective indictment is not.

## I.     BACKGROUND

On July 9, 2009, the grand jury in the Southern District of Georgia charged Petitioner with (1) robbery of a commercial business, (2) brandishing a firearm during a crime of violence, (3) possession of a firearm by a convicted felon, (4) attempted robbery of a commercial business, (5) brandishing a firearm during a crime of violence, and (6) possession of a firearm by a convicted felon. United States v. Ivey, CR 109-104, doc. no. 1 (S.D. Ga. July 9, 2009) (hereinafter "CR 109-104"). On March 18, 2010, Petitioner, represented by appointed counsel, pled guilty to counts one and two of the indictment, robbery of a commercial business and brandishing a firearm during a crime of violence. Id., doc. nos. 30, 31, 32.

Upon entry of the guilty pleas, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at 17, Criminal History Category at VI, and Guideline imprisonment range at fifty-one to sixty-three months with an additional eighty-four month consecutive sentence on Count Two. PSI

¶ 60. The statutory maximum term for Count One was twenty years imprisonment while the maximum for Count Two was life imprisonment. PSI ¶¶ 58, 59. United States District Judge J. Randal Hall sentenced Petitioner to 60 months imprisonment on Count One and eight-four months imprisonment on County Two for a total term of 144 months imprisonment. CR 109-104, doc. no. 38. Petitioner did not file a direct appeal.

Petitioner executed the instant motion on May 31, 2016, approximately one month after his original § 2255 motion in CV 116-055. Petitioner brings two arguments: (1) his conviction under 18 U.S.C. § 924(c) for using a gun during a crime of violence is no longer valid because Johnson invalidated § 924(c)'s residual clause defining a crime of violence, and (2) the indictment failed to charge him properly under 18 U.S.C. § 924(c)(1)(A). (See generally doc. no. 1.) As discussed below, the former claim is timely while the latter is not.

## II. DISCUSSION

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1.  the date on which the judgment of conviction becomes final;

2.  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3.  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4.  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on June 9, 2010, and as no direct appeal was filed, his conviction and sentence became final fourteen days later. See Fed. R. App. P. 4(b)(1). Thus, his claim regarding the defective indictment, filed almost six years later, is untimely. In addition, because Petitioner's claim is not based on Johnson, Johnson does not qualify him for a later statute of limitations.

Nevertheless, an otherwise untimely § 2255 motion may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Damren v. Florida, 776 F.3d 816, 818 (11th Cir. 2015)

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d

1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his motion to assert his argument about the indictment. In addition, Petitioner's only argument for circumventing the one-year statute of limitations is that he is actually innocent of brandishing a firearm because his robbery conviction does not qualify as a "crime of violence," arguing that "employment of a firearm in and of itself is not a crime of violence." (Doc. no. 43, p. 17.) Thus, Petitioner asserts that he is actually innocent of the crime of brandishing a firearm during a crime of violence because he did not actually "cause or commit physical harm." (Id.)

This argument ignores that a crime of violence is defined as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Further, Petitioner makes no argument that robbery as defined in 18 U.S.C. § 1951(b)(1), which he was convicted of, does not constitute the *threatened use* of force. In addition, the Eleventh Circuit has recently held that Hobbs

Act robbery clearly qualifies as a crime of violence under § 924(c)'s "elements" clause, foreclosing any argument made by Petitioner. In re Colon, No. 16-13021-J, 2016 WL 3461009, at *3 (11th Cir. June 24, 2016). Thus, because Petitioner cannot show actual innocence as to these charges, the Court cannot consider Petitioner's untimely § 2255 claim and his motion to amend should be denied as futile. Amick v. BM & KM, Inc., 275 F. Supp. 2d 1378, 1381 (N.D. Ga. 2003) (finding that a proposed amendment is futile when it cannot withstand a motion to dismiss).

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to amend be **DENIED**, that the second § 2255 motion be **TERMINATED** and CV 116-75 be **CLOSED**. The Court will consider Petitioner's additional arguments as to his Johnson claim together with the motion in CV 116-55 when the Court addresses his original § 2255 motion on the merits.

SO REPORTED AND RECOMMENDED this 5th day of July, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA